```
           IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JOHN M. PERUTO, et al., | HONORABLE JEROME B. SIMANDLE |
| Plaintiff, | |
| v. | Civil Action<br>No. 15-2166 (JBS/JS) |
| TIMBERTECH LTD, et al., | **MEMORANDUM OPINION** |
| Defendant. | |

**SIMANDLE, Chief Judge:**

Before the Court is Defendant[1] CPG's partial motion to dismiss Plaintiffs' Amended Class Action Complaint. [Docket Item 33.] Defendant argues that Plaintiffs' claims under the New Jersey Consumer Fraud Act ("NJCFA") should be dismissed for failure to adequately allege unlawful conduct and causation. Defendant's motion will be denied. The Court finds the following:

1. Plaintiffs John M. Peruto and Lori A. Peruto began purchasing and installing TimberTech's XLM decking product line ("XLM decking") for their second home in Margate, New Jersey in May 2012. (Am. Compl. ¶¶ 48, 49.) Prior to purchase, Plaintiffs

---

[1] The parties have agreed in their submissions to refer only to CPG as the singular Defendant, reflecting CPG's current name and successor interest in TimberTech, and represent that they will file an amendment correcting the case caption. The Court will follow the parties' lead and refer to "Defendant" or "CPG" in the singular.

and their contractor J.P. Leeds, Jr. Builder, Inc. ("Leeds") researched several decking products and decided to purchase and install XLM decking "due to its purported superior weathering and low maintenance properties." (Id.) Defendants provided purchasers of XLM decking a Limited 25-Year Residential Warranty ("Limited Warranty") that expressly states the following in pertinent part:

> TimberTech Limited ("TimberTech") warrants to Purchaser that, for a period of twenty five (25) years (Residential) & ten (10) years (Commercial) from the date of the original purchase, residential or commercial as the case may be, (the "Term"), under normal use and service conditions, that: (1) the decking Materials will be free from material defects in workmanship and materials, and will not check, split, splinter, rot or suffer structural damage from termites or fungal decay.

(Id. ¶ 22.) Plaintiffs paid between $45.60 and $56.00 per board for XLM decking when at the same time standard-treated wood decking would have cost approximately $9.00 per board for the same size. (Id. ¶ 17.) However, the XLM decking began to discolor shortly after the final installation. (Id. ¶¶ 50, 51.) Leeds promptly reported the discoloration to Defendant on Plaintiffs' behalf. (Id. ¶ 52.) Defendant, however, refused to consider the discoloration a defect breaching the Limited Warranty and instead only offered Plaintiffs a treatment solution for the XLM decking's discoloration. (Id.) Defendant refused to warrant that the treatment solution would remedy and permanently correct the problem. (Id. ¶¶ 52, 53.)

Case 1:15-cv-02166-JBS-JS   Document 43   Filed 12/10/15   Page 3 of 14 PageID: 502

2.   Plaintiffs filed a putative class action Complaint on February 11, 2015 against TimberTech Ltd. ("TimberTech") and CPG International LLC ("CPG") in the Superior Court of New Jersey, Atlantic County, Law Division. Plaintiffs allege that Defendant marketed XLM decking as a high-quality, low-maintenance, and long-lasting alternative to traditional wooden decking materials, but that XLM decking is prone to discoloration and fading soon after installation. Plaintiffs asserted claims for breach of implied warranty, breach of express warranty, unjust enrichment, negligent misrepresentation, violation of the NJCFA, and declaratory and injunctive relief. On March 25, 2015, Defendant removed this action to the District of New Jersey pursuant to 28 U.S.C. §§ 1332(d), 1446, 1453 and the Class Action Fairness Act of 2005. [Docket Item 1].

3.   Defendant previously filed a motion to dismiss Plaintiffs' complaint in its entirety. [Docket Item 9.] In their opposition to Defendant's motion, Plaintiffs agreed to withdraw their breach of implied warranty and unjust enrichment claims. [Docket Item 21.] On August 26, 2015, this Court granted in part and denied in part the remainder of Defendant's motion to dismiss. [Docket Item 24.] The Court dismissed Plaintiffs' breach of express warranty claim based on the Limited Warranty, Plaintiffs' negligent misrepresentation claim based on an omission, and Plaintiffs' NJCFA claim without prejudice to

3

Plaintiffs' right to file an amended complaint curing deficiencies. [Id.] In particular, the Court found that Plaintiffs' NJCFA claim failed to adequately allege an ascertainable loss. [See Docket Item 23 at 22.] Plaintiffs filed an amended complaint on September 16, 2015. [Docket Item 30.]

4. Defendant now moves to dismiss Plaintiffs' amended NJCFA claim. [Docket Item 33.] Defendant argues that although Plaintiffs have amended their complaint to adequately allege an ascertainable loss, they still have demonstrated neither unlawful conduct by CPG nor causation. This Court did not address either of these elements of Plaintiffs' claim under the NJCFA on Defendant's first motion to dismiss. Plaintiffs have filed opposition [Docket Item 37] and Defendant filed a reply. [Docket Item 40.]

5. Pursuant to Rule 8(a)(2), Fed. R. Civ. P., a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." While a complaint is not required to contain detailed factual allegations, the plaintiff must provide the "grounds" of his "entitle[ment] to relief", which requires more than mere labels and conclusions. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A motion to dismiss under Rule 12(b)(6), Fed. R. Civ. P., may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the

4

light most favorable to the plaintiff, a court concludes that the plaintiff failed to set forth fair notice of what the claim is and the grounds upon which it rests. Id. A complaint will survive a motion to dismiss if it contains sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009). Although a court must accept as true all factual allegations in a complaint, that tenet is "inapplicable to legal conclusions," and "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." Id. at 678.

    6. In addition, Rule 9(b), Fed. R. Civ. P., imposes a heightened pleading standard on fraud-based claims, requiring a party to "state the circumstances constituting fraud with particularity." Klein v. Gen. Nutrition Companies, Inc., 186 F.3d 338, 344 (3d Cir. 1999); see also Frederico v. Home Depot, 507 F.3d 188, 202-03 (3d Cir. 2007) (applying Fed. R. Civ. P. 9(b) to an NJCFA claim). To satisfy this standard, the plaintiff must "plead the date, time, and place of the alleged fraud, or otherwise inject precision into the allegations by some alternative means." In re Riddell Concussion Reduction Litig., 77 F.Supp.3d 422, 433 (D.N.J. 2015). This requirement is intended "to place the defendants on notice of the precise misconduct with which they are charged." Seville Indus. Mach.

Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984).

7. Under the NJCFA, "a plaintiff must allege three elements: (1) unlawful conduct; (2) an ascertainable loss; and (3) a causal connection between the defendants' unlawful conduct and the plaintiffs' ascertainable loss." Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., 929 A.2d 1076, 1086 (N.J. 2007). Defendant concedes that the Amended Complaint adequately alleges an ascertainable loss.

8. Actionable unlawful conduct under the NJCFA includes "any unconscionable commercial practice, deception, fraud, false promise, misrepresentation, or the knowing concealment, suppression, or omission of any material fact with intent that others rely upon such concealment, suppression or omission." N.J.S.A. § 56:8-2. In other words, a plaintiff must claim that the defendant engaged in unlawful conduct that includes employing a misrepresentation or intentionally omitting a material fact. Menkes v. Prudential Ins. Co. of America, 762 F.3d 285 (3d Cir. 2014). Here, Defendant does not seek to dismiss Plaintiffs' NJCFA claim on an affirmative misrepresentation theory; even disregarding the marketing statements this Court previously found to be mere puffery (see

6

Aug. 26 Op. [Docket Item 23] at 19-20),[2] the Amended Complaint undeniably describes assurances of fact on which Plaintiffs and their contractor could have reasonably relied. Rather, Defendant argues that Plaintiffs' NJCFA claim should be dismissed "to the extent Plaintiffs seek to proceed on an omission theory" because they have not shown with enough particularity "that the defendant acted with knowledge." (Def. Mot. to Dismiss at 2.)

9. "When the alleged consumer fraud consists of an omission, the plaintiff must show that the defendant acted with knowledge, and intent is an essential element of the fraud." Cox v. Sears Roebuck & Co., 647 A.2d 454, 462 (N.J. 1994).[3] Defendant asserts that the Amended Complaint merely generally alleges that Defendant "knew or should have known" about the discoloration defect and intended that consumers would rely on that concealment, and thus fails to meet Rule 9(b)'s heightened pleading standard. Plaintiffs counter that Rule 9(b) permits that intent and knowledge may be alleged generally.

---

[2] Of the statements quoted in the Amended Complaint, only two can be construed as actionable assurances of fact: 1) "designed to withstand the elements [so] you're not going to have to do the traditional painting and staining you would with a traditional wood deck;" and 2) "designed not to rot, wrap or splinter and contain a 25-year warranty." (Am. Compl. ¶ 34.)

[3] There is no intent requirement under the NJCFA when plaintiffs allege that the unlawful conduct was an affirmative misrepresentation. Id.

7

10. Plaintiffs are correct that the Rule permits intent and knowledge to be alleged generally. Plaintiffs may not rest upon conclusory statements to generally allege knowledge and intent any more than they can for any other element of a claim under Ashcroft v. Iqbal. "Even under a relaxed application of Rule 9(b), boilerplate and conclusory allegations will not suffice." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1418 (3d Cir. 1997.) The Amended Complaint alleges, inter alia, that "Defendants knew, or had reason to and should have known, that the PVC it used for fabricating the XLM Decking made it susceptible to premature failure" (Am. Compl. ¶ 19), that "Defendants also knew that TimberTech Decking had a history of failures and was prone to premature wear and premature discoloration, yet Defendants failed and/or omitted to inform their distributors, their customers and the eventual owners of the product of these material issues" (Id. ¶ 24), that "despite knowing of these defects in TimberTech Decking, Defendants have not developed a workable solution to rectify or cure the problem in the materials" (Id. ¶ 25), that "Defendants had knowledge of these shortcomings in its XLM Decking product but continued to nonetheless sell it to consumers such as Plaintiffs at a premium price without informing them beforehand" (Id. ¶ 26), and that "despite numerous customer complaints over a period of years, Defendants failed to implement any changes to their XLM decking,

8

marketing, or warranty procedures to remedy those defects." (Id. ¶ 28.) The amended complaint alleges plausible grounds for knowledge and intent to omit accurate information about the product's shortcomings, based upon their receiving reports of defects and failures of the product's essential characteristics. One can readily infer that the Plaintiffs allege that Defendant received reports of premature wear and discoloration in this product, and that Plaintiffs' decking suffered from the same deficiency, and yet Defendant continued to sell the product without improving it, while maintaining silence about the deficiencies that were contradicted by its sales materials touting their resistance to fading and wear.

    11.  The Court is mindful of the Third Circuit's directive that "in applying Rule 9(b), courts should be sensitive to situations in which sophisticated defrauders may successfully conceal the details of their fraud." In re Able Labs. Sec. Litig., Civ. 05-2681, 2008 WL 1967509, at *11 (D.N.J. Mar. 24, 2008) (quoting Burlington Coat Factory, 114 F.3d at 1418). Knowledge and intent are exempt from Rule 9(b)'s particularity requirement, so long as the circumstances surrounding such general allegations of knowledge suffice to infer "what defendant is alleged to have known and when." In re AZEK Building Prods., Inc. Marketing and Sales Practices Litig., 82 F. Supp. 3d 608, 623 (D.N.J. 2015) (citing Rait v. Sears,

9

Roebuck & Co., Civ. 08-2461, 2009 WL 250309, at *4 (D.N.J. Feb. 3, 2009)); see also Maniscalco v. Brother Intern. Corp. USA, 627 F. Supp. 2d 494, 499 (D.N.J. 2009) (plaintiffs sufficiently plead intent and knowledge when their complaint alleged the source and year of defendants' knowledge).[4] While it may be insufficient for Plaintiff to allege that Defendant "must have known" about the defect, In re Advanta Corp. Sec. Litig., 180 F.3d 525, 539 (3d Cir. 1999), abrogated on other grounds by 551 U.S. 308 (2007), the surrounding circumstances alleged in the amended complaint suffice to adequately allege an actionable intentional material omission of failing to inform consumers, including these Plaintiffs, of defects in the decking materials in terms of color fading and wear characteristics prior to sale of such products to Plaintiffs. The basis for Defendant's alleged knowledge is the reports of deficiencies that Defendant received and suppressed, according to the amended complaint.

---

[4] Plaintiffs ask the Court to take judicial notice of public complaints posted online and a similar complaint filed in the District of Massachusetts in support of their allegation that Defendant knew of XLM decking's discoloration defect. The Court will decline to do so because the Third Circuit has directed that "[o]nly in the clearest of cases should a district court reach outside the pleadings for facts necessary to resolve a case at that point." Victaulic Co. v. Tieman, 499 F.3d 227, 236 (3d Cir. 2007). These are matters outside the pleadings and not referenced in the pleadings or indisputably authentic, and therefore may not be utilized. Plaintiffs may, of course, pursue such documents in discovery and seek to construct an evidentiary foundation for admissibility as the case progresses.

This suffices to give Defendant the notice of the nature of Plaintiffs' NJCFA claim to which Defendant is entitled. The question of whether Plaintiffs will ultimately succeed in proving such knowledge and intent is not before the Court in this Rule 12(b)(6) motion. The Court simply holds that the general averral of knowledge and intent, backed by the circumstantial grounds for such knowledge and intent as alleged here, is sufficiently plausible to sustain a NJCFA claim for material omission.

12.  Defendant also seeks to dismiss the entirety of Plaintiffs' NJCFA claim, including those allegations based on an affirmative misrepresentation theory, for lack of causation. Defendant argues that because Plaintiffs do not identify where or when they saw which specific marketing materials, they cannot sufficiently allege a causal nexus between Defendant's misrepresentations and Plaintiffs' ascertainable loss to satisfy Rule 9(b).

13.  Unlike ordinary fraud claims, this Court has found that a plaintiff pursuing an action under the NJCFA usually need not prove reliance. Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 98 n. 9 (D.N.J. 2011). However, for NJCFA claims based on an affirmative misrepresentation, there must still be "a direct causal connection between the misrepresentation and the plaintiff's defeated expectations about the product." Id. at

11

100. Plaintiffs identify specific statements made by Defendant that convinced them and Leeds to purchase XLM decking. (Am. Compl. ¶¶ 34, 38.) Plaintiffs allege that, if not for Defendant's advertising materials, "Plaintiffs and the members of the Class would not have purchased the products, paid a premium price for the product, and/or installed them in their properties." (Id.) "To survive a motion to dismiss . . . it is sufficient if a plaintiff avers that had the alleged defect been disclosed, consumers would not have purchased defendant's product." Mickens v. Ford Motor Co., 900 F. Supp. 2d 427, 447 (D.N.J. 2012) (citing Maniscalco, 627 F. Supp. 2d at 503). Moreover, this Court already found in its August 26 Opinion on Defendant's first motion to dismiss that Plaintiffs sufficiently alleged reliance on Defendant's marketing and advertising claims for the purposes of pleading causation for their breach of express warranty claims. Defendants offer no reason this Court should decide differently now.

14. Defendants argue that because Plaintiffs have not alleged when or where they saw these specific statements, and where or when they were communicated to Plaintiffs individually,[5]

---

[5] Defendants put too much stock in cases holding that a misrepresentation must be made to a plaintiff individually to be actionable. (Def. Reply at 4, citing Smajlal v. Campbell Soup Co., 782 F. Supp. 2d 84, 100 (D.N.J. 2011)). Rather than standing for the proposition that advertisements disseminated to the general public alone cannot support causation under the

12

their allegations fail to satisfy Rule 9(b)'s heightened standard. Defendants forget that a plaintiff may satisfy Rule 9(b) by "otherwise inject[ing] precision into the allegations by some alternative means." In re Riddell Concussion Reduction Litig., 77 F. Supp. 3d 422, 433 (D.N.J. 2015). Plaintiffs have identified specific statements by Defendant, and have "alleged facts within [their] knowledge, which, if true, could form the basis of a causal nexus." Mickens, 900 F. Supp. 2d at 447. So long as a plaintiff avers that he saw the alleged misrepresentation and that but for those statements, he would not have made a purchase, New Jersey courts have found his pleading sufficient. See Dzielak v. Whirlpool Corp., 26 F. Supp. 3d 304, 335 (D.N.J. 2014); Smajlaj v. Campbell Soup Co., 782 F. Supp. 2d 84, 100 (D.N.J. 2011); Gross v. Johnson & Johnson-Merck Consumer Pharms. Co., 696 A.2d 739, 798 (N.J. Super. 1997). Plaintiffs have thus adequately alleged a claim under the NJCFA under an affirmative misrepresentation theory. The Amended Complaint identifies actionable unlawful conduct, an ascertainable loss, and causation. The Court will deny Defendant's motion to dismiss to the extent it seeks to dismiss

---

NJCFA, these cases instead merely reject importing a fraud on the market theory from securities litigation into the consumer fraud arena. See Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., 929 A.2d 1076, 1087-88 (N.J. 2007) (ascertainable loss cannot be proven by statistical analysis replacing reliance).

Plaintiffs' NJCFA claim under an affirmative misrepresentation theory.

15.  An accompanying Order will be entered denying Defendant's motion.


 **December 10, 2015**                              **s/ Jerome B. Simandle**
Date                                                JEROME B. SIMANDLE
                                                    Chief U.S. District Judge